In the Matter of the Claim of CATHERINE RAFFIN, Respondent, against RURADAN CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Deceased was employed as an apartment house superintendent. There was some proof upon which a finding could be made that as he lifted a metal ashcan on an elevator, it tipped, causing him to fall and that the can fell on his chest and abdomen. There is testimony that he was found lying on the floor near the elevator, unconscious, with " a can of ashes on his chest ". Medical opinion is in the record that injuries to the head, back, chest and abdomen were caused by this fall. The deceased died six days later. The cause of death was an embolism of the pulmonary artery. There is firmly expressed medical opinion that the injuries at the time of the accident were a cause of and precipitated the pulmonary embolism. The physician who performed the autopsy testified that there was no association between the accident and the death caused by thrombosis; that there was not evidence at autopsy of any external injury; that the decedent had advanced tuberculosis and that the clot which had broken

off and caused the thrombosis was part of "an old clot". Even this testimony is susceptible of interpretation that the breaking off of the clot, the piece of which caused the thrombosis, could have occurred at the time of the injury. The physician said that "That probably broke off when the condition that Dr. Blum [claimant's physician] described took place * * * The main part of the clot broke off and killed him several days later". There is thus some consistency in this respect between the conflicting medical viewpoints expressed, but in any case the board, on this kind of a record, was free to make a finding that the accident occurred and was a precipitating or contributing cause of the death. The other questions raised have no substance. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.